MICHAEL et, Plaintiff-Appellants, v. WHITE et, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No: 5315.   Decided February 10, 1956.

Robins, Metcalf & Alton, Jack R. Alton, of Counsel, Columbus, for plaintiffs-appellants.

Reid & Cox, Edward J. Cox, of Counsel, Columbus, for defendants-appellees.

(FESS, J, of the Sixth District, sitting by assignment in the Second District.)

**OPINION**

By THE COURT:

This is an appeal from a finding and judgment for defendant entered in the Municipal Court, City of Columbus. The judgment was predicated upon a finding of facts as follows:

"The court finds that the plaintiff, Charles Michael, was driving on Leonard Avenue, in Columbus, Franklin County, Ohio, while under the influence of alcohol; that he pulled to the lane next to the center of Leonard Avenue, then started to make a right turn by pulling into the right lane and thus made an attempt to make an improper right turn in that he failed to keep as near the right curb as practical, that said plaintiff had room to make his right turn next to the right curb because no cars were parked on the south side of Leonard and just west of Ohio Avenue: that the plaintiff made a sudden stop after starting to make a right turn and without giving any signal of his intention to turn or stop. By reason of the facts, court finds contributory negligence against plaintiff, Charles Michael."

It is the claim of appellants that there is no support in the record for the finding that plaintiff, Michael, pulled to the lane next to the center of Leonard Avenue, then started to make a right turn by pulling into the right lane. The court also found that the plaintiff made a sudden stop after starting to make a right turn and it is insisted there is no support for this finding. The court further found that plaintiff, Michael, gave no signal of his intention to turn or stop. It is conceded that the evidence would support this last finding but it is contended that such fact could not support the conclusion that it was a proximate cause of the collision between Michael and defendant.

We have carefully read the record. We are satisfied that there is either direct proof or proof warranting an inference of each and every fact found by the trial judge and that such facts supported the conclusion that they were a proximate cause of the collision and constituted contributory negligence on the part of the plaintiff, Michael.

It would serve no good purpose to extend this opinion by directing attention to the places in the record where the evidence developed the facts found by the trial judge.

We give no consideration to the question of the proof of negligence on the part of the defendant, but assume that the court did find that she was negligent or he would not have considered and passed upon the question of the contributory negligence of plaintiff, Michael.

We find no error to the prejudice of plaintiffs in the findings of fact returned by the trial judge and in the judgment entered on behalf of the defendant.

The judgment is affirmed.

MILLER, PJ, HORNBECK and FESS, JJ, concur.